UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

TAFT CORNELIUS BURTTON,

    Petitioner,

v.

MICHAEL SEPANEK, Warden,

    Respondent.

Civil Action No. 0:13-095-HRW

**MEMORANDUM OPINION
AND ORDER**

\*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\*

Taft Cornelius Burtton ("Burtton") is an inmate confined at the Federal Correctional Institution in Ashland, Kentucky. Burtton, proceeding without counsel, has petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [D. E. #1] In this petition, Burtton seeks relief from a ten-year sentence imposed prior to the enactment of the Fair Sentencing Act ("FSA"). Burtton asserts that by reason of the FSA, his continued incarceration is unconstitutional. He seeks immediate release from custody. Because a § 2241 petition is not the proper manner of obtaining the relief Burtton seeks, the petition will be denied.

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and

any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Burtton's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts Burtton's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

## FACTUAL AND PROCEDURAL BACKGROUND

On January 16, 2008, Burtton and co-defendant Terri Burtton were indicted in a two-count indictment in the United States District Court for the District of Nebraska for knowingly and intentionally possessing with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of cocaine base (*i.e.* "crack cocaine"), in violation of 21 U.S.C. § 841(a)(1) and (b)(1). Count 2 of the indictment sought the seizure of certain property pursuant to 21 U.S.C. § 853. *See United States v. Taft Burtton, a/k/a Taft Burton, et al.*, No. 8:08-CR-7 (D. Neb. 2008) [D.E. #1 therein]. Ultimately, Burtton entered into a Plea Agreement with the United States and pled guilty to Count 1 of the indictment. On February 11, 2009, Burtton received a 120-month sentence, the statutory minimum.

Burtton appealed his conviction. On April 2, 2010, the Eighth Circuit Court of Appeals affirmed his conviction. Thereafter, Burtton moved the trial court, pursuant to 28 U.S.C. § 2255, to vacate, set aside or correct sentence. *Id.* [D. E. #114 therein] On August 29, 2011, the trial court denied his § 2255 motion. *Id.* [D. E. #137] Subsequently, on January 30, 2012, Burtton moved the trial court for a reduction of his sentence, pursuant to 18 U.S.C. § 3582(c). The trial court denied that motion, and the Eighth Circuit affirmed on appeal. *Id.* [D. E. #174 therein]

On July 19, 2013, Burtton filed the present habeas petition.

## DISCUSSION/ANALYSIS

Burtton claims that by reason of the FSA, he is entitled to a reduced sentence, that he has already served the mandatory five-year, minimum sentence that he would have received had he been sentenced after the FSA became effective, and that in the absence thereof, his equal protection rights are being violated. As previously stated, Burtton was sentenced on February 11, 2009. The FSA became effective on August 3, 2010.

Burtton may not assert this claim in a habeas proceeding under section 2241. Section 2241 is limited to challenges to decisions made by prison officials which affect the manner in which a prisoner's sentence is being executed, such as the computation of sentence credits or parole eligibility. *United States v. Jalili*, 925 F.2d

3

889, 894 (6th Cir. 1999). If a federal prisoner wishes to challenge the legality of his conviction or sentence he must file a post-conviction motion under 28 U.S.C. § 2255 with the trial court. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003).

Section 2255(e) provides a narrow exception to this rule and permits a prisoner to challenge the legality of his conviction through a Section 2241 petition, but only where his or her remedy under Section 2255 "is inadequate or ineffective" to test the legality of his detention. The only circumstance where a prisoner may take advantage of this provision is where, after his or her conviction has become final, the Supreme Court re-interprets the terms of the statute petitioner was convicted of violating in such a way that petitioner's actions did not violate the statute. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003) ("A prisoner who can show that an intervening change in the law establishes his actual innocence can invoke the savings clause of § 2255 and proceed under § 2241."); *Lott v. Davis*, 2004 WL 1447645, *2 (6th Cir. 2004) (unpublished disposition). This exception does not apply where the prisoner failed to seize an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law, or did assert his claim in a prior post-conviction motion under Section 2255 and was denied relief. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999); *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002).

Burtton's claim for relief under the FSA appears to stem from the Sixth Circuit's recent decision in *United States v. Blewett*, No. 12-5226, 2013 WL 2121945 (6th Cir. May 17, 2013). In *Blewett*, a divided panel of the Sixth Circuit held that the 100-1 ratio of cocaine to crack embodied in the Anti-Drug Abuse Act of 1986 ("ADAA") was racially discriminatory in its effect, and therefore must be considered retroactively applicable to cases on collateral review in order to avoid constitutional concerns. *Blewett*, 2013 WL 2121945, at *4, 6. The dissent noted that the majority's decision violated Sixth Circuit procedural rules by overruling *United States v. Hammond*, 712 F.3d 333, 336 (6th Cir. April 05, 2013), a previously published decision deciding the same legal question, and that it also conflicted with *Dorsey v. United States*, __ U.S. __, 132 S.Ct. 2321, 2335 (2012) ("in federal sentencing the ordinary practice is to apply new penalties to defendants not yet sentenced, while withholding that change from defendants already sentenced."). *Blewett*, 2013 WL 2121945, at *9-13 (Gilman, J., dissenting).

This Court has recently held that *Blewett* does not afford a basis for habeas relief pursuant to 28 U.S.C. § 2241. *Powell v. Sepanek*, No. 0:13-cv-72-HRW (E.D. Ky. July 8, 2013). Further, as a threshold matter, the Sixth Circuit's decision in *Blewett* is no longer valid because the panel's decision was vacated when the Sixth Circuit granted rehearing *en banc* on July 11, 2013. Because *Hammond* is therefore

controlling and rejects retroactive application of the FSA to defendants who were sentenced before the enactment of the FSA, such as Burtton, his claim would fail on the merits. *See United States v. Bell*, 2013 WL 4792344, at *2 (6th Cir. Sept. 10, 2013). Even if *Blewett* remained valid law, it only authorized relief by filing a motion for "retroactive resentencing under 18 U.S.C. § 3582(c)(2)," a motion which by its terms must be filed in the court that sentenced him. *Cf. Dillon v. United States*, 560 U.S. 817, 130 S.Ct. 2683, 2688, 2689-91 (2010). A prisoner may not seek the same relief through habeas under Section 2241 in the district of incarceration because challenges to the sentence imposed do not fall within the scope of Section 2255(e)'s savings clause. *Hayes*, 473 F. App'x at 502; *see also Wyatt v. United States*, 574 F.3d 455, 460 (7th Cir. 2009); *United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008).

Accordingly, **IT IS ORDERED** that:

1. Burtton's petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241 [D. E. #1] is **DENIED**.

2. The Court will enter a judgment contemporaneously with this order.

3. This matter is **STRICKEN** from the docket.

This 15th day of January, 2014.

Signed By:
Henry R. Wilhoit, Jr.
United States District Judge